**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH (973) 645-4693
BANKRUPTCY JUDGE Fax: (973) 645-2606

May 21, 2014

McElroy, Deutsch, Mulvaney & Carptenter, LLP
Louis A. Modugno, Esq.
1300 Mt. Kemble Avenue
PO Box 2075
Morristown, New Jersey 07962-2075
*Counsel for Hudson Hospital Opco, LLC*

Michael I. Okechuku, Esq.
936 Broad Street
2nd Floor
Newark, New Jersey 07102
*Counsel for Sheila Plange*

FILED
JAMES J. WALDRON, CLERK
MAY 21, 2014
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner
JUDICIAL ASSISTANT

Re: **Christ Hospital, a New Jersey not-for-profit corporation
 Case No. 12-12906 TBA**

Dear Counsel:

 This matter comes before the bankruptcy court on the motion of Hudson Hospital Opco, LLC ("Hudson") seeking to enforce orders of this Court enjoining Ms. Sheila Plange ("Ms Plange") from prosecuting a complaint which she filed in the United States District Court for the District of New Jersey seeking monetary damages only for Christ Hospital's ("Debtor") alleged violation of federal and state employment discrimination statutes. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L)(N). *See In re Allegheny Health Educ. & Research Found.,* 383 F.3d 169, 176 (3d Cir. 2004).

Page 2
May 21, 2014

## STATEMENT OF FACTS

The uncontroverted facts reveal that Ms. Plange began working for the Debtor as a secretary in 2000 and became office coordinator in 2010. On February 6, 2012, the Debtor filed a voluntary Chapter 11 petition. The following month, on March 27, 2012, Judge Morris Stern of the Bankruptcy Court entered an Order approving the sale of the Debtor's assets to Hudson ("Sale Order"). Ms Plange was subsequently laid off by the Debtor on July 10, 2012 and three days later, on July 13, 2012, Hudson closed on its purchase of the Debtor's assets. Judge Stern entered a confirmation order a year or so later on June 4, 2013 ("Confirmation Order"). Thereafter, on November 12, 2013, Ms. Plange filed a four-count complaint in district court under the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601 *et seq.*) ("FMLA") and the New Jersey Family Leave Act (N.J.S.A. § 34:11B-3) ("NJFLA"), against the Debtor, Hudson, and two individuals, the director and assistant director of psychiatry at Christ Hospital.[1] On March 27, 2014, Hudson filed a motion in the district court to dismiss the complaint, and on April 9, 2014, Hudson filed the instant motion in the Bankruptcy Court seeking injunctive relief pursuant to the provisions of the Sale Order and Confirmation Order.

Hudson argues that the sale of the Debtor to it under 11 U.S.C. § 363(f) was free and clear of Ms. Plange's claims and that the provisions of the Sale Order and Confirmation Order (particularly the former) prevent Ms. Plange from pursuing her federal and state statutory claims against Hudson. *In re Trans World Airlines, Inc.*, 322 F.3d 283, 289, 291-92 (3d Cir. 2003). In support of its argument, Hudson references the following provisions of the Sale Order: ¶ M,

---

[1] The complaint was subsequently dismissed as to the Debtor.

Page 3
May 21, 2014

which limited assumption of specific liabilities, ¶ R and ¶ 5, sale was free and clear of claims under § 363(f); ¶¶ T, 6, 18, 26, imposing an injunction against third-party claims; ¶ U, stating no successor liability on the transfer of the Debtor's assets to Hudson, ¶ 21, Hudson not a successor; ¶ 45, Hudson not a successor employer, and ¶ 15, Retention of exclusive jurisdiction to enforce the provisions of the Sale Order. In addition, the Confirmation Order provides for retention of jurisdiction over matters arising from bankruptcy court orders. *See* ¶ 81.

In response, Ms. Plange argues that Hudson is required to seek injunctive relief through an adversary proceeding and not through a motion, that the bankruptcy court should *sua sponte* "permissively abstain" from hearing Hudson's application in favor of the district court although Ms. Plange did not cross move for affirmative relief, and that the successor liability provisions of 29 U.S.C. 2601 *et seq*. (FMLA) and 29 C.F.R. § 825.107 overcome or trump the "sale free and clear" provisions of 11 U.S.C. § 363(f) and allow Ms. Plange to sue Hudson.

**Sale free and clear of interests under 11 U.S.C. § 363(f)**

11 U.S.C. § 363(f) allows the trustee to sell property of the estate "free and clear of any interest in such property of an entity other than the estate . . . ." Here, since the Sale Order has already been entered and is a final order not being the subject of an appeal, the issue is whether Ms. Plange's claimed interest was otherwise cut off by the approved sale of assets and the provisions of the Sale Order and Confirmation Order.

The bankruptcy court, in Judge Stern's Opinion in *In re Christ Hospital*, 502 B.R. 158, 180 n.25 (Bankr. D.N.J. 2013), previously found that this Court has jurisdiction under 28 U.S.C. § 1334(b) to enforce its own Sale Order. Judge Stern determined also that a motion, rather than

Page 4
May 21, 2014

an adversary complaint, is the proper procedure for seeking to enforce the Plan injunction, as Federal Rule of Bankruptcy Procedure 7001(7) makes an exception to the requirement of a complaint if a plan provides for injunctive or equitable relief. *See In re Christ Hosp.*, 502 B.R. at 183 n.32.

*In re Trans World Airlines*, 322 F.3d 283, 288-89 (3d Cir. 2003) noted a trend in case law toward expanding the interpretation of "interest in . . . property" in 11 U.S.C. § 363(f) beyond *in rem* interests to "'encompass[ ] other obligations which may flow from ownership of the property,'" citing 3 Collier on Bankruptcy ¶ 363.06[1]. The Third Circuit pointed to *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 576, 585 (4th Cir. 1996), *cert. den.*, 520 U.S. 1118 (1997), in which the court found that § 363(f) cut off successor liability for a railroad employee's pension fund against the buyers of railroads. Although the court in *In re Leckie* ultimately found that the buyers were not true statutory successors under relevant provisions of The Coal Act, 26 U.S.C. §§ 9711 and 9712, the Fourth Circuit opined that, even if they were, § 363(f) would have extinguished successor liability despite its creation by federal statute. *In re Leckie*, 99 F.3d at 585.

Relying on *In re Leckie* and other cases, the Third Circuit in *Trans World Airlines* determined that 11 U.S.C. § 363(f) cut off successor liability to the buyer of an airline for a sequence of employee and other claims filed pre-sale by the Equal Employment Opportunity Commission ("EEOC") under such federal statutes as Title VII, Americans with Disabilities Act and Age Discrimination in Employment Act finding that such claims "arise from the property being sold." *In re TWA*, 322 F.3d at 285-86, 290. The Court reasoned that, notwithstanding the

Page 5
May 21, 2014

federal statutory basis of these interests, allowing successor liability claims as an exception to the "free and clear" termination of liability under § 363(f) would unacceptably afford one class of general unsecured claimants priority over others in derogation of the bankruptcy distribution scheme:

> We recognize that [these claims] are based on congressional enactments addressing employment discrimination and are, therefore, not to be extinguished absent a compelling justification. At the same time, in the context of a bankruptcy, these claims are, by their nature, general unsecured claims and, as such, are accorded low priority. To allow the claimants to assert successor liability claims against [buyer] while limiting other creditors' resources to the proceeds of the asset sale would be inconsistent with the Bankruptcy Code's priority scheme.

*In re TWA,* 322 F.3d at 292. The Third Circuit further noted that the sale was "likely facilitated by [the buyer's] obtaining title to the assets free and clear of these civil rights claims," and the buyer "may have offered a discounted bid" had the bankruptcy court not ordered the § 363(f) sale free and clear of these claims. *Id.* at 292-93. *See also In re Terrell*, 27 B.R. 130, 131-32 (Bankr. W.D. La. 1983) for another illustration of § 363(f) free and clear provisions trumping an interest created by federal statute (the IRS lien attached to the proceeds of sale of debtor's property, but the government's right to redeem under 28 U.S.C. § 2410(c) was cut off, as the government "received notice of the proposed sale and opportunity to submit a higher bid").

Ms. Plange relies on *Miller v. Level 3 Communications, LLC*, 2005 WL 1529419, *1-*2 (D.N.J. June 29, 2005), a suit filed in district court against the entity which purchased plaintiff's employer's assets through a § 363(f) sale. The plaintiff, who claimed that the buyer discharged

Page 6
May 21, 2014

or refused to hire her when it discovered that she was pregnant,[2] sued buyer under FMLA, NJFLA, New Jersey Law Against Discrimination ("NJLAD") and various common law claims. *Miller*, 2005 WL 1529419 at *6. Because it was undisputed that the plaintiff never worked for the buyer, the plaintiff could sue the buyer on her FMLA claim only if the buyer were a successor to the debtor under the statute and regulations and the court determined that the buyer was a successor. *Id.* at *8. The court found the bankruptcy sale order not "dispositive" *as to whether the buyer was a successor*, relying on *Carlson v. Rent-A-Center, Inc.*, 237 F. Supp. 2d 114, 126 (D. Maine 2003), a non-bankruptcy case, for the proposition that "'federal statutory mandates, such as the FMLA are not a "liability" that is *assumed or not assumed in a sales transaction.*'" *Miller*, 2005 WL 1529419 at *8 *quoting Rent-A-Center* (emphasis added). The court in *Miller* did not undertake a § 363(f) analysis, did not refer to or distinguish *In re TWA*, though determined two years after *Trans World Airlines*, and made a statement which both narrowed the ruling in *In re TWA* and indicated it did not deem § 363(f) a central issue.[3] *Miller*, 2005 WL 1529419 at *8-*9. Hudson has here distinguished and described *Miller,* a case in which the *buyer*, not the debtor, was charged with discrimination, as limited to a finding that the FMLA statute and regulation, not the Sale Order, determined whether the plaintiff could

---

[2] The facts recited in *Miller* are more complex than those recited in the instant case. In *Miller* there remained issues of fact as to whether the buyer made plaintiff an employment offer and then rescinded it, or whether buyer had discontinued the operation in which plaintiff worked.

[3] [T]he law is not clear as to the extent of what 'property' of a debtor's estate may be sold free and clear of 'interests,' nor is the law clear as to the extent of how broadly the term 'interest' should be defined. More to illustrate this point *than to deal substantively with an issue that is not central to the ones to be resolved in this motion*, the court cites to the following passage in [1-24A Collier Trustees & Debtors in Possession P 24A.12 (2004)].

*Level 3*, 2005 WL 1529419 at *8-*9 (emphasis added).

Page 7
May 21, 2014

establish sufficient longevity in her job to file an FMLA claim (Hudson's reply brief, dkt. 1525, p. 8). This Court believes *Trans World Airlines* and its rationale control the situation *sub judice* and that protection afforded by § 363 and the injunction contained in the Sale Order prevent plaintiff's claims being pursued against Hudson.

**<u>Ms. Plange's request for *sua sponte* "permissive abstention"</u>**

Finally, Ms. Plange included in her objection a request for affirmative relief asking the court to exercise "permissive abstention" under 28 U.S.C. § 1334(c)(1) in favor of the district court proceedings, citing *In re Strano*, 248 B.R. 493, 504 (Bankr. D.N.J. 2000) and the alleged lack of impact of Ms. Plange's FMLA claim on the debtor or on the bankruptcy estate. Abstention under 28 U.S.C. § 1334 runs from district court to state court and not between district courts. *Hi Tech Trans, LLC*, 382 F.3d 295, 303 (3d Cir. 2004) ("[a]bstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have the opportunity to decide the matters at issue"). To the extent that Ms. Plange would have the bankruptcy court *defer* to the district court, Hudson replies that her "argument is not supported by the law governing abstention between federal courts" (dkt. 1525, Hudson reply, p. 4) and invokes the "first filed rule," a principle of "comity among federal courts of equal rank" which provides that "'[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" *E.E.O.C. v. Univ. of Penna.*, 850 F.2d 969, 971(3d Cir. 1998), aff'd, 493 U.S. 182 (1990), quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) (additional citations omitted). Hudson reiterates that the bankruptcy court retained jurisdiction to enforce the Sale Order and also points to the

Page 8
May 21, 2014

jurisdictional retention provision in the Confirmation Order. This Court agrees and sees no cause for abstention over the issue of enforcement.

Most importantly, after argument on this motion, the district court issued an order directing a stay of the district court suit with respect to Hudson until the within motion to enforce is resolved by this Bankruptcy Court. *See* Order dated May 5, 2014.

## **CONCLUSION**

For the reasons stated herein, Hudson's motion is granted. An Order in Conformance with this Opinion has been entered by the Court and is attached hereto.

Very truly yours,

*Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure